114 F.3d 1196
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Richard HAND, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
James L. LARSON, Defendant-Appellant.
 Nos. 96-30224, 96-30226.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 11, 1997.
Decided May 19, 1997.
 
 Before: WRIGHT, REINHARDT and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Hand and James Larson were convicted of conspiracy to knowingly transport, sell, receive, acquire and purchase halibut in violation of federal fisheries laws, and for making a false statement to a federal agency in violation of 18 U.S.C. § 1001. Hand and Larson appeal their convictions and sentences, and we affirm. Because the parties are familiar with the facts and procedural history, we will not repeat it here.
 
 A.
 
 3
 Hand and Larson allege that the evidence was insufficient to support their convictions for making false statements to a federal agency under 18 U.S.C. § 1001. We disagree.
 
 
 4
 Under 18 U.S.C. § 1001, it is unlawful for any person "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States," to "knowingly and willfully ... make[ ] or use[ ] any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry...." Conviction under Section 1001 requires proof beyond a reasonable doubt of five elements: a statement, falsity, materiality, specific intent, and federal agency jurisdiction. United States v. Boone, 951 F.2d 1526, 1544 (9th Cir.1991). We affirm the conviction because, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See United States v. Jones, 84 F.3d 1206, 1210 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 405, 136 L.Ed.2d 319 (1996).
 
 
 5
 The government presented evidence that Hand completed a fish ticket for the June 1993 halibut opening at Larson's request which falsely classified fish caught by Larson as fish caught by his wife. Thus, the "statement" and "falsity" elements are satisfied. A statement is material under Section 1001 if it has a "natural tendency to influence, or [be] capable of influencing, the decision of the decisionmaking body to which it was addressed." United States v. Gaudin, 515 U.S. 506, 115 S.Ct. 2310, 2313, 132 L.Ed.2d 444 (1995) (internal quotations omitted). The government presented evidence that a fish ticket is a document upon which the National Marine Fisheries Service, an agency of the United States, relies in its management of the halibut fishery. Thus, a rational trier of fact could find that the fish ticket at issue was capable of influencing a government agency even though the ticket was never actually submitted. See United States v. Heuer, 4 F.3d 723, 734 (9th Cir.1993), cert. denied, 510 U.S. 1164, 114 S.Ct. 1190, 127 L.Ed.2d 540 (1994); United States v. Oren, 893 F.2d 1057, 1064 (9th Cir.1990).
 
 
 6
 The government offered specific intent evidence from which a rational trier could have found that Larson and Hand agreed to create a false fish ticket classifying fish caught by Larson as fish caught by his wife. Hand and Larson concede that Larson's wife did not fish the June 1993 opening. A rational trier of fact could have found that Larson sent a note to Hand requesting that a fish ticket be made out in the name of Larson's wife. Hand made out such a ticket and delivered a check to Larson's wife. The weights on the fish ticket matched weights from a ledger that Trooper Arlow identified as a tally sheet of weights and dates of illegal halibut delivered by Larson to Alaska Seafood Company prior to the June 1993 opening.
 
 
 7
 Larson and Hand had a full opportunity to present their version of the facts to the jury. The jury chose to disbelieve their testimony. Because we find sufficient evidence upon which to base the jury's decision, we will not disturb it on appeal.
 
 
 8
 Finally, the false fish ticket was within the jurisdiction of a federal agency. Larson and Hand argue that because the fish ticket was set aside for correction and was not intended to be submitted, it was not within the jurisdiction of any government agency. In addition to the fact that a reasonable juror may not have believed that the ticket was set aside for correction, a false statement need not be made directly to a government agency, but need only relate to a matter in which a federal agency has the power to act. Heuer, 4 F.3d at 734 (concluding that a bill of lading intended for internal corporate use was within the jurisdiction of a government agency); see also United States v. Petullo, 709 F.2d 1178, 1180 (7th Cir.1983) (upholding conviction under 18 U.S.C. § 1001 where city government's early discovery of fraud kept false information from actually reaching the federal government). The National Marine Fisheries Service is charged with analyzing the information in such tickets in its management of the halibut fishery. Thus, the National Marine Fisheries Service had the power to act with regard to the false fish ticket and the jurisdiction element is satisfied.
 
 
 9
 Accordingly, we affirm the 18 U.S.C. § 1001 convictions.
 
 B.
 
 10
 Hand and Larson argue that the district court violated their Fifth and Sixth Amendment rights by excluding a portion of defense witness Knightlinger's testimony. They contend that this testimony showed government Isturis's motivation to lie. Hand and Larson claim that Knightlinger's testimony would have shown that Isturis was motivated to make false accusations against Hand and Larson. Whether an evidentiary ruling denies a defendant's Fifth or Sixth Amendments rights is a question of law that we review de novo. United States v. Contreras, 63 F.3d 852, 857 (9th Cir.1995).
 
 
 11
 We find that Hand and Larson's constitutional rights were not violated. It is well established that parties are entitled to introduce extrinsic evidence that a witness is biased. United States v. Abel, 469 U.S. 45, 50-56, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984). However, this right is not unlimited and only permits the defendant to present sufficient evidence with which to assess the witness's possible bias and motivation for testifying. United States v. Jackson, 882 F.2d 1444, 1447 (9th Cir.1989). Knightlinger's testimony may have shown that Isturis was testifying in order to gain favor with the government, which was threatening to prosecute him for his own illegal fishing activities. The fact that Isturis may have been testifying to gain favor with the government was already clearly brought out during the defendants' cross-examination of Isturis. Accordingly, Hand and Larson's constitutional rights were not violated when the district court refused to admit Knightlinger's testimony.
 
 C.
 
 12
 Larson argues that a supplemental jury instruction allowed the jury to convict Hand and Larson without finding an essential element of the offense of conspiracy. We review de novo whether a jury instruction misstates the elements of a statutory crime. United States v. Tagalicud, 84 F.3d 1180, 1183 (9th Cir.1996). Because Larson makes his argument for the first time on appeal, we review for plain error and may reverse his conviction only if the district court committed a clear error that affected his substantial rights. United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770, 1776-78, 123 L.Ed.2d 508 (1993). We hold that the district court did not commit plain error.
 
 
 13
 The district court gave the following jury instruction:
 
 
 14
 Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.
 
 
 15
 In response to a question from the jury, the district court gave the following supplemental instruction:
 
 
 16
 [T]he government does not have to prove beyond a reasonable doubt that a conspiracy existed during the entire period alleged in the indictment. But the government must prove beyond a reasonable doubt the existence of a conspiracy sometime during the period alleged within the indictment.
 
 
 17
 Larson argues that the two instructions, read together, allow the jury to improperly convict the defendants based upon an overt act that occurred within the period alleged in the indictment but not within the period the conspiracy existed. We reject this argument. The initial instructions were clear that the individual committing the overt act must be a member of the conspiracy, and that the overt act must be "for the purpose of carrying out the conspiracy." A jury could not logically find that a "member of the conspiracy" committed an overt act "for the purpose of carrying out the conspiracy", but at a time when no conspiracy existed. The district court did not commit plain error.
 
 D.
 
 18
 Hand and Larson contend that the district court erred in calculating a sentence enhancement under U.S.S.G. § 2Q2.1(b)(3)(A). We review a district court's factual findings for clear error and its application of the facts to the Sentencing Guidelines for abuse of discretion. United States v. Robinson, 94 F.3d 1325, 1327 (9th Cir.1996).
 
 
 19
 Section 2Q2.1(b)(3)(A) states, "If the market value of the fish, wildlife, or plants exceeded $2,000, increase the offense level by the corresponding number of levels from the table in § 2F1.1...." Application Note 4 to Section 2Q2.1 states:
 
 
 20
 When information is reasonably available, "market value" under subsection (b)(3)(A) shall be based on the fair-market retail price. Where the fair-market retail price is difficult to ascertain, the court may make a reasonable estimate using any reliable information, such as the reasonable replacement or restitution cost or the acquisition and preservation ... cost.
 
 
 21
 The district court adopted a fair market value figure for the halibut of $5.99 per pound, the price charged by two local grocery stores. Hand and Larson argue that the fair market retail price should not apply to them because they participated in the wholesale market which charges $2.50 per pound. The district court's decision is in accordance with the plain language of the Sentencing Guidelines which require use of the "fair-market retail price." Further, we note that this is a question in which the district court is in a far better position to assess than we are. We find no clear factual error and no abuse of discretion in the district court's application of the facts to the Sentencing Guidelines.
 
 
 22
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3